Case 3:15-cv-00910-N-BF Document 11 Filed 06/20/16 Page 1 of 9 PageID 90

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 0 2016

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS ALFONSO PADRON, | § | |
|     Petitioner, | § | |
| | § | 3:15-CV-910-N |
| v. | § | 3:12-CR-310-N(03) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. For the foregoing reasons, the petition should be denied.

Pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to commit health care fraud. The district court sentenced him to a 57-month prison term. Petitioner did not file a direct appeal.

On March 11, 2015, Petitioner filed the instant § 2255 petition. He argues:

1. He received ineffective assistance of counsel when counsel:

    (A) withdrew objections to the PSR prior to sentencing;

    (B) did not provide him with full discovery until after sentencing; and

2. His guilty plea was involuntary due to the ineffective assistance of counsel.

Page 1

## II. Factual Background

The following factual background is taken from Petitioner's factual resume and the PSR.

Petitioner, a physician, worked with A Medical, a home health provider that was operated by coconspirators Lawrence and Jeffrey St. John. The coconspirators enrolled A Medical in the Medicare program to provide home health and other services to Medicare beneficiaries. With Petitioner's knowledge and consent, A Medical used his national provider identification number to bill Medicare for services that were purportedly provided to beneficiaries. Some of these services included: care plan oversight (CPO), which is physician supervision of a Medicare beneficiary receiving complex or multidisciplinary care as part of home health or hospice services; home health certifications and recertifications; physician assistant and nurse practitioner visits; cognitive testing and diagnoses; and other ancillary services.

Petitioner entered a guilty plea to a single count of conspiracy to commit health care fraud. The PSR determined that the loss amount to Medicare was greater than $7 million but less than $20 million, and thus the bases offense level was 29. The PSR added two levels because Petitioner was in a position of trust. Petitioner received a 3-level reduction for acceptance of responsibility. One criminal history point was assessed because he had previously been convicted of conspiracy to unlawfully distribute a controlled substance. The resulting advisory guideline range was 78 to 97 months.

The government filed a motion for downward departure based on Petitioner's cooperation and testimony against his co-defendants. The Court granted the motion and sentenced Petitioner to a term of 57 months. Petitioner did not appeal.

### III. Discussion

**1.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

Page 3

A. **Objections to the PSR**

Petitioner claims his counsel was ineffective for withdrawing certain objections to the PSR. The record shows Padron's counsel filed extensive objections to the PSR. (ECF No. 156.) Counsel objected to: (1) inclusion of losses under Medicare Part B that he claimed were not relevant conduct; (2) inclusion of Medicare Part B claims data that he argued fell outside the scope of relevant conduct; (3) accounting errors allegedly made in the amounts billed and paid under Medicare Part A; (4) inclusion of Medicare Part A claims data that he argued fell outside the scope of relevant conduct; (5) the actual loss amount recommended in the PSR; (6) the intended loss amount recommended in the PSR; (7) the recommended use of the actual loss amount versus the intended loss amount to determine the sentencing range; (8) the total guideline calculation of 78 to 97 months; and (9) the recommended restitution amount. Most of these objections were based on counsel's position that Petitioner's relevant conduct was limited to his time working with A Medical and applied only to home health claims.

In his first objection, defense counsel objected that the PSR loss amount wrongly included Medicare billing for office services and that only home health services should be counted as relevant conduct. The Addendum explained that care plan oversight (CPO) and re-certifications were billed under the category of "office" services. (ECF No. 158 at 3.) Defense counsel therefore withdrew this objection.

In Objections 2 and 4, Petitioner objected that he was wrongly credited with losses for Medicare Part A and Part B claims that occurred outside the time period of relevant conduct. In

response to this objection, the PSR Addendum revised the loss calculations and defense counsel withdrew his objection.

In Objection Number 3, defense counsel objected that the Health Integrity Report for Medicare Part A claims appeared to be unreliable because it showed that Medicare paid various home health agencies (HHA) more than they billed. The Addendum response stated that under Medicare's Prospective Payment System (PPS) the amount initially billed is a prediction of services that will be rendered over a 60-day certification period. The HHA may receive more payments from Medicare, if it in fact renders more services during the 60-day period than initially planned. After this explanation, defense counsel withdrew his objection.

Defense counsel's objections 5, 6, 8, and 9 were based on his objection numbers 1, 2, 3, and 4. Counsel therefore also withdrew these objections. (ECF No. 161 at 7-10.)

Defense counsel did not withdraw objection number 7, which was an objection to the use of intended loss rather than actual loss to calculate the sentence range.

Petitioner has submitted no arguments or evidence to support his claim that counsel was constitutionally ineffective for withdrawing these objections. Petitioner has failed to show that any of the withdrawn objections were meritorious. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make frivolous arguments.) Petitioner's claim should be denied.

**B.     Discovery**

Petitioner claims his counsel was ineffective when counsel withheld alleged exculpatory discovery documents and that because these document were not disclosed to

him, his decision to plead guilty was unknowing and involuntary.

Petitioner claims the discovery consisted of his patient charts and showed which patients he treated, "thus reducing the monetary amount and showing no fraudulent activity against the Medicare Health System." (Pet. at 7.)

In his factual resume, however, Petitioner agreed that he conspired with co-defendants Lawrence Dale St. John and Jeffrey Dale St. John to defraud Medicare. (ECF No. 67.) He stated he allowed A Medical to use his unique Medicare number to submit claims to Medicare regardless of the merit of the claim. (*Id.*) Petitioner also agreed that:

> Lawrence and Jeffrey directed staff at A Medical to submit fraudulent claims for CPO [Care Plan Oversight] indicating Padron performed the services. Padron never performed any CPO, nor did any other provider. All claims stating Padron rendered services for CPO were materially false and fraudulent, and were submitted with the intent to defraud Medicare and unlawfully enrich Lawrence, Jeffrey and Padron.

(*Id.* at 3.)

Petitioner has failed to establish the discovery documents showed he was innocent or that they reduced the loss amount. Petitioner ineffective assistance of counsel claim is without merit.

## 2.   Guilty Plea

Petitioner claims his guilty plea was involuntary. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748

(1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows that Petitioner knowingly and voluntarily entered his guilty plea. Petitioner acknowledge that he was informed of the elements of the offense and the maximum penalties for the offense. (ECF Nos. 67 at 1, 68 at 1-2.) Petitioner was informed of his right to a trial. (ECF No. 68 at 1.) He agreed that he reviewed the sentencing guidelines with his attorney and that he understood the Court would decide his sentence. (*Id.* at 2.) He agreed that his attorney explained the plea agreement to him, and he admitted he was guilty of the offense. (*Id.* at 5.) He agreed that his guilty plea was voluntary and was not the result of force,

threats, or any promises not contained in the plea agreement. (*Id.* at 4.) Petitioner has failed to show he did not knowingly and voluntarily enter his guilty plea.

## IV. Recommendation

For the foregoing reasons, the Court recommends that the motion to vacate or set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 2 day of June, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).